Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Ethan Thomas, Bar No. 12874
ethan.thomas@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*
*Victoria Partners dba*
*Monte Carlo Resort and Casino*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PABLO MARTINEZ, TYRONE ARMSTRONG, CARY VAN BIEZEN and DANIEL ATKINSON,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORIA PARTNERS dba as MONTE CARLO RESORT AND CASINO; THE LIGHT GROUP dba DIABLO'S CANTINA, LLC and MC STEAK, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:12-cv-00502-JAD-VCF<br><br>**DEFENDANT VICTORIA PARTNERS' MOTION FOR SUMMARY JUDGMENT AS TO DANIEL ATKINSON** |

Defendant Victoria Partners dba Monte Carlo Resort and Casino ("Monte Carlo") moves for summary judgment in its favor and against Plaintiff Daniel Atkinson ("Atkinson"). Atkinson's Complaint asserts three causes of action including sex discrimination, age discrimination, and retaliation. Summary judgment is appropriate as to all claims asserted because: (1) Atkinson's claims of age and sex discrimination are time barred because there is no charge of discrimination upon which Atkinson can rely; (2) even assuming the Court does not conclude Atkinson's age and sex discrimination charges are time barred, these claims fail because Atkinson cannot establish prima facie cases of discrimination; (3) if Atkinson is able to establish prima facie cases of discrimination, there is not one shred of evidence that would support the conclusion that Monte

Carlo acted with discriminatory animus based on sex, or that his age was the but-for cause of him not being hired; and (4) Atkinson admits that he did not suffer any retaliation and thus he cannot establish an essential element of this claim. For each and all of these reasons, discussed more fully below, Monte Carlo asks that summary judgment be granted in its favor on all of Atkinson's claims.

This motion is based upon Fed. R. Civ. P. 56, the following memorandum of points and authorities, the exhibits attached hereto (including authentication declarations), and such other argument of counsel as the Court may wish to consider.

Dated this 29th day of August, 2013.

JACKSON LEWIS LLP

/s/ Elayna J. Youchah
Elayna J. Youchah, Bar No. 5837
Ethan Thomas, Bar No. 12874
3800 Howard Hughes Parkway Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant Victoria Partners*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### A. Atkinson's Employment at Monte Carlo

Atkinson was hired by Monte Carlo in September 2004 as a "steady extra" bartender. Deposition of Daniel Atkinson ("Atkinson Depo."), attached hereto in relevant part as Exhibit 1, at 10:1-3; 11:22-24. A "steady extra" bartender is a bartender that has a week-to-week schedule filling in shifts that are not filled by full-time bartenders. *Id.* at 11:1-7. Atkinson was 40 years old when he was hired by Monte Carlo. *Id. at* 16:24-17:1. Atkinson was employed as a steady extra bartender until he was promoted to full-time bartender several years later. *Id.* at 11:25-12:2.

Atkinson is currently employed by Monte Carlo as a full time bartender in LAYSE status. *Id.* at 11:10-21. Despite the accusations in his Complaint, Atkinson testified that he gets along with his current boss, Monte Carlo Director of Food and Beverage, Michael MacDonnell ("MacDonnell").[1] *Id.* at 80:25-81:2. Atkinson considers MacDonnell a friend. *Id.*

Atkinson is a member of the Bartenders Union (the "Union"). Atkinson Depo. at 13:20-22. As a union member and employee of Monte Carlo, his terms and conditions of employment, including his pay, are strictly controlled by a Collective Bargaining Agreement ("CBA") between the Union and Monte Carlo. Atkinson Depo. at 13:23-14:3. Atkinson is aware of the CBA and maintains his own copy of the agreement. *Id.*

### B. Atkinson's Claim Against Brand Steakhouse[2]

Monte Carlo entered into a Restaurant Management Agreement with MC Steak, LLC dba Brand Steakhouse ("Brand") whereby Brand opened, operated, and managed this separately incorporated entity located inside the Monte Carlo. *See* Defendant The Light Group's Motion for Summary Judgment on Claims Asserted by Daniel Atkinson at 3 ¶ 1 and citations therein. As explained and supported fully below, and as confirmed by Atkinson, Monte Carlo played no role in any Brand hiring decisions. Deposition of Sherri Ohanian ("Ohanian Depo."), attached as Exhibit 3, at 35:10-12; 35:24-36:3; 100:2-101:10; MacDonnell Depo. at 154:9-156:10. Specifically, as all the evidence shows, Monte Carlo had no involvement in the selection of any candidates for hire at Brand. MacDonnell Depo. at 155:10-156:2.

Atkinson admits that he signed only one bid sheet for a bartender position, which he did prior to Brand opening. Exhibit 4; Atkinson Depo. at 25:3-19. As explained by The Light

---

[1] MacDonnell was not hired by Monte Carlo until April 11, 2011. Deposition of Michael MacDonnell ("MacDonnell Depo.") attached hereto in relevant part as Exhibit 2, at 18:10-17. He was employed as the Director of Beverage at The Light Group from approximately April 2007 to May 2008. *Id.* at 20:7-14.

[2] Atkinson has stipulated to dismiss all claims (age, gender, and retaliation) against Monte Carlo arising from Atkinson's alleged failure to be hired by Diablo's Cantina ("Diablo's"). Dkt. # 39.

Group's Director of Beverage at the time (MacDonnell), marketing skills and interview performance were an important criterion for Brand bartenders.[3] Further, multiple people participated in Atkinson's interview with Brand, but none of them were Monte Carlo employees. MacDonnell Depo. at 154:9-156:10. As explained by Atkinson, none of his Monte Carlo supervisors took part in his interview at Brand, nor was anyone he knew from Monte Carlo Human Resources present. Atkinson Depo. at 28:11-25. In fact, Atkinson did not recognize any of the people he interviewed with for the position at Brand. *Id.* at 29:1-12. After failing to be hired at Brand prior to opening, Atkinson admits he did nothing to seek employment with Brand again. *Id.* at 25:3-19.

Moreover, and consistent with Atkinson's testimony, it is undisputed that The Light Group made *all* the hiring decisions for Brand. Ohanian Depo. at 33:20-34:1; 89:10-16; 92:18-93:2; 100:2-7; MacDonnell Depo. at 154:9-156:10. Monte Carlo had no involvement in the hiring decision process. *Id.* Monte Carlo did not create the job descriptions for the positions at Brand. Ohanian Depo. at 106:9-11. Monte Carlo conducted no training for The Light Group employees who conducted the interviews. *Id.* at 89:5-16. No Monte Carlo Human Resources employees were present at the interviews. *Id.* at 57:11-59:16, 60:3-9. No members of Monte Carlo

---

[3] As explained in MacDonnell's deposition, marketing skills were an important criterion for a bartender to have because he had to have "the ability to bring in guest reservations." MacDonnell Depo. at 143:25-144:10. MacDonnell went on to state that "employees had to have reservations per week booked into the venue to meet that marketing requirement. And if not, you were held accountable for that." *Id.* When asked if during the hiring Brand was "trying to gauge in advance whether someone would be able to fulfill those requirements," MacDonnell stated: "It certainly would be. We ask everybody essentially how big would your Rolodex be of guests. When we say how big would your Rolodex be, I'm looking for a set of—I guess experience level to say if we had to pull from your Rolodex, could you get two reservations a week for this establishment." *Id.* at 144:13-21. With respect to interview performance, MacDonnell explained that there were a series of questions on the rating form, he did not recall how many questions, but the criteria he was looking for were "confident answers, concise definitive answers that didn't require a thought process to provide. It was more kind of an off-the-cuff confident answer because they knew what they were referring to." *Id.* at 61:4-23. When asked by Atkinson's counsel "Q: I'm trying to establish how in your rating system—what it took to get a five, the highest score, in terms of what specific criteria would have enable someone to score the highest level," MacDonnell responded: "Concise, clear, definitive, confident, forward answers. Clearly describing the answer to the question that I asked." *Id.* at 62:24-63:5.

management took part in the interview process. *Id.* at 58:5-8. Monte Carlo employees had no input in the hiring timeline at Brand.[4] *Id.* at 60:23-61:12. All of the interviewers involved in the hiring process were The Light Group representatives. *Id.* at 58:9-11. It was The Light Group was established the process and made all hiring decisions. MacDonnell Depo. at 88:18-94:10; 154:4-156:10; Ohanian Depo. at 35:10-12; 35:24-36:3; 100:2-101:10. Indeed, MacDonnell's testimony is clear:

> **Q:** And at any time that you were involved in the hiring process at Brand, did any Monte Carlo employee play any role in the hiring process at that venue?
> **A:** Not one.

MacDonnell Depo. at 154:9-16; *see also* 151:17-155:9. Atkinson presents no evidence to the contrary and none exists. Atkinson's failure to hire case against Monte Carlo is entirely contingent upon his subjective belief that Monte Carlo must have had something to do with it because the restaurant is on Monte Carlo property.

> **Q:** Okay . . . sitting here today, my sense is that you believe that Monte Carlo played some role in the hiring made at Brand. Is that true?
> **A:** Well, I believe that—I believe that the—it's the Monte Carlo property.
>
> ***
>
> **Q:** … What forms your basis or belief that Monte Carlo played a role in deciding who would get hired at Brand?
> **A:** Well, it's still a Monte Carlo employee – I mean a Monte Carlo property. *I would assume they would have some connection with that.*

Atkinson Depo. at 36:22-37:2; 43:8-13 (emphasis added).

> **Q:** I'm asking you do you know the name of the entity that owns Brand Steakhouse?
> **A:** I guess it's Light Group.

---

[4] Monte Carlo did post bid sheets consistent with obligations to do so under the collective bargaining agreement with the Union so that Monte Carlo employees interested in employment at Brand could bid on positions that Brand would fill. Ohanian Depo. at 34:12-15. Monte Carlo also held informational meetings specifically for its employees being displaced by Brand. *Id.* at 89:17-25

|   |   |
|---|---|
| Q: | How about the entity that operates Brand Steakhouse? |
| A: | Light Group? |
| Q: | Is that a question or do you know or are you guessing? |
| A: | I don't know. |
| Q: | So you're guessing; right? |
| A: | *All I know is Brand is at the Monte Carlo, and Light Group runs Brand.* |

Atkinson Depo. at 65:2-13 (emphasis added).

In sum, all of the evidence presented demonstrates that Monte Carlo played no role in hiring or any other staffing decision at Brand.

**C.   Accusations of Discrimination**

   i.   *Relevant Charges of Discrimination*

Atkinson admits in his deposition that he filed no charges of discrimination. Atkinson Depo. at 49:1-16; 50:6-8  In Plaintiffs' Opposition to Defendant Victoria Partners' Motion to Dismiss Parts of Plaintiffs' Complaint (Dkt. # 21), Atkinson makes clear that his claim of age and sex discrimination is based upon the November 1, 2007 charge of discrimination (Exhibit 5) filed by co-plaintiff Pablo Martinez ("Martinez"). Dkt. # 21, attached hereto in relevant part as Exhibit 6, at 2:24-3:3. However, this charge clearly relates to the hiring practices at Diablo's in 2007 only. Exhibit 5. The charge specifically states that in September of 2007 "the Respondent posted job openings for Bartender positions at Diablo Restaurant" and that some employees were not given timely notice of interviews, others had their named crossed off bid sheets, and that younger less experienced females were hired for the Bartender positions at Diablo's. *Id.*  The charge makes no mention of Brand. *Id.*  In fact, the charge was filed on November 1, 2007, which was several months before Atkinson was even interviewed by Brand. *Compare* Exhibits 5 and 7.

Atkinson, therefore, cannot bring a sex or age claim based on Martinez's November 1, 2007 charge (Exhibit 5) because he dismissed his claim relating to Diablo's, and this charge is not related to his failure to be hired at Brand, which is his only active claim.[5]  Dkt. # 39.

        *ii.*    *There is no Evidence that Monte Carlo Engaged in Gender and Age Discrimination*

Monte Carlo does not dispute that Atkinson was not hired at Brand after he bid, on one occasion, on the bartender position. While Atkinson was interviewed for a bartender position by The Light Group, The Light Group did the interview, made the judgments and decisions, and did not involve Monte Carlo in any way. MacDonnell Depo. at 88:18-94:10; 154:4-156:10; Ohanian Depo. 33:20-34:1; 35:10-12; 35:24-36:3; 89:10-16; 92:18-93:2; 100:2-101:10. The Light Group made all of the staffing decisions on its own. *Id.* Atkinson has presented absolutely no evidence to the contrary. Further, undisputed evidence also shows that two male bartenders who applied were offered positions by Brand one of which was a 43 years old, the exact age of Atkinson when he applied for the position. Exhibit 14; Declaration of Lorena Gil ("Gil Dec.") attached hereto as Exhibit 15 ¶ 6; MacDonnell Depo. at 137:2-15.

---

[5] While it is clear that Atkinson depends on Martinez's November 1, 2007 charge (Exhibits 5 and 6 at 2:24-3:1) it is worth noting that Martinez did file another charge of discrimination on behalf of others in September 29, 2008, which only raises alleged violations of the ADEA. Exhibit 8. On August 31, 2010, the EEOC issued its initial right to sue on this charge. Exhibit 9. It is undisputed that Atkinson did not file suit within 90 days of the August 31, 2010 right to sue. Declaration of Elayna Youchah (hereinafter "Youchah Dec.") attached hereto as Exhibit 10. Approximately seven months later, on March 30, 2011, the EEOC sent out a Notice of Intent to Reconsider stating that it was vacating and revoking the dismissal. Exhibit 11. On April 11, 2011, the EEOC issued a Letter of Determination finding reasonable cause to believe that "aggrieved parties who were in the bartender position" had been discriminated against on the basis of age." Exhibit 12. There is no mention of sex discrimination or retaliation in Exhibit 12. The right to sue based on age discrimination was then reissued on July 14, 2011. Exhibit 13.

*iii.  No Evidence Supports Atkinson's Retaliation Claim*

Despite Atkinson's allegations of retaliation in the Complaint, he has produced no evidence that establishes Monte Carlo retaliated against him for engaging in any protected activity.  In fact, when asked directly if he has suffered any form of retaliation, Atkinson admitted that he has not:

> **Q:** Okay.  After you participated in Mr. Martinez's charge against Monte Carlo, are you—is it your contention, belief sitting here today that Monte Carlo took some action against you as a result of your participating in Mr. Martinez's charge?
> **A:** No.

Atkinson Depo. at 58:1-6.

> **Q:** You don't have a retaliation claim against Brand, do you?
> **A:** No.  That's—no, no.  My whole issue is I felt they should have hired me, and they didn't.  And I lost wages.  Yes.

*Id.* at 92:17.  Given Atkinson's admissions, it is undisputed that no evidence exists of any retaliatory conduct.

Because not even Atkinson believes that a genuine issue of a material fact exists as to his retaliation claim, summary judgment should be granted in Monte Carlo's favor.

## II.   LEGAL ANALYSIS[6]

### A.   Atkinson Cannot Depend on Martinez's Charges For His Age and Sex Claim

Atkinson cannot depend on Martinez's relevant charges to bring his age or sex discrimination claims.  It is undisputed that Atkinson did not file his own charge of discrimination, and that he depends on the charge of discrimination filed by Martinez on November 1, 2007.  Exhibits 5 and 6 at 2:24-3:3; Atkinson Depo. at 49:1-16; 50:6-8.  However, Atkinson cannot rely on this charge to bring his age or sex discrimination claim because it does

---

[6] To the extent that any arguments presented in codefendant The Light Group's various Motions for Summary Judgment that are not presented in Monte Carlo's Motions For Summary Judgment, Monte Carlo incorporates those arguments by reference and joins those motions filed by The Light Group to the extent that they are relevant to any claims brought against Monte Carlo.

not allege facts regarding discriminatory hiring practices at Brand. Exhibit 5. This charge clearly relates only to hiring practices at Diablo's in 2007. *Id.* Specifically, the charge alleges that in September of 2007 "the Respondent posted job openings for Bartender positions at Diablo Restaurant" and that some employees were not given timely notice of interviews, others had their named crossed off bid sheets, and that younger less experienced females were hired for the Bartender positions at Diablo's. *Id.* The charge makes no mention of Brand, where Atkinson actually applied and was interviewed for employment. *Id.*; Atkinson Depo. at 25:3-22. In fact, the charge was filed on November 1, 2007, which was several months before Atkinson's interview for the position in March 2008. *Id.;* Exhibit 7. Atkinson cannot rely on a charge of discrimination filed prior to when the alleged discrimination he complains of even took place. *Holowecki v. Federal Exp. Corp.*, 440 F.3d 558, 564 (2nd Cir. 2006) (A plaintiff who has not filed a charge with the EEOC may join (or "piggyback") on the timely filed charge of another plaintiff if their individual claims *"arise out of similar discriminatory treatment in the same time frame."*) (emphasis added); *see also Gitlitz v. Compagnie Nationale Air Fr.*, 129 F.3d 554, 557 (11th Cir. 1997) (a plaintiff may "piggyback" on the EEOC charge of another plaintiff who *"faced similar discriminatory treatment in the same time frame."*) (emphasis added). Because there is no relationship between the charge Atkinson relies on, and the discriminatory treatment he actually complains of before the Court, Atkinson cannot rely on Martinez's November 1, 2007 charge to satisfy administrative exhaustion requirements. *Holowecki v. Federal Exp. Corp.*, 440 F.3d at 564; *Gitlitz v. Compagnie Nationale Air Fr.*, 129 F.3d at 557.

Martinez's other "on behalf of others" charge, filed on September 29, 2008 (Exhibit 8), also cannot establish administrative exhaustion for Atkinson's claims. If a charge of discrimination is filed with the EEOC and a right to sue issues, a civil action must be brought against the respondent named in the charge within 90 days after receipt of the notice of dismissal

and right to sue. 42 U.S.C. § 2000e-5(f)(1); *See also* 29 U.S.C. § 626(e). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir.1992)); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986) (90-day filing period is treated as a statute of limitations). In order for a lawsuit to be timely based on a right to sue where the EEOC has reconsidered and reissued its findings, the lawsuit ***must be filed within 90 days of the original finding or, if the reconsideration is issued within 90 days of the original finding, then within 90 days of the reissued finding***. *Dougherty v. Barry*, 869 F.2d 605, 610 (D.C. Cir. 1989); *Obaseki v. Fannie Mae*, 840 F. Supp. 2d 341, 345 (D.D.C. 2012). Here, the EEOC issued its original right to sue on August 31, 2010. Exhibit 9. The EEOC issued its reconsideration on March 30, 2011, 211 days later. Exhibit 11. Thus, as explained in *Dougherty*, 869 F.2d at 610 and *Obaseki*, 840 F. Supp. 2d at 345, Atkinson cannot rely on Martinez's September 29, 2008 charge to assert his age or sex discrimination claim.[7]

---

[7] Aside from the 90 day requirement, Atkinson cannot rely on this charge to satisfy his sex discrimination claim because the charge alleges violations of the ADEA only. Exhibit 8. Well settled law holds that allegations not included in the plaintiff's administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal quotations omitted). Case law makes clear that exhaustion of an age or race discrimination claim does not provide the basis for the court to hear a sex discrimination claim. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (the specific claims made in court ordinarily must be presented to the EEOC and jurisdiction "depends on the scope of the EEOC charge and investigation"); *Clayton v. Tolleson Union High Sch. Dist.*, 2006 U.S. Dist. LEXIS 92220 (D. Ariz. Dec. 2006) ("gender discrimination is not like or reasonably related to claims of race or age discrimination"); *Devereaux v. East Bay Conservation Corp.*, 1998 U.S. Dist. LEXIS 20435, 5-9 (N.D. Cal. 1998) (plaintiff's Title VII claims for race and sex discrimination were not "like or reasonably related" to the allegations in plaintiff's underlying EEOC charge of age discrimination); *Thompson v. Trident Seafoods Corp.*, 2012 U.S. Dist. LEXIS 53136, 3-5 (W.D. Wash. 2012) (plaintiff failed to exhaust administrative remedies for sex discrimination claim when her charge was directly related to retaliation for reporting sexual harassment and the facts regarding the sexual harassment were presented only as background for the retaliation charge); *Duncan v. Delta Consol. Indus.*, 371 F.3d 1020, 1025-1026 (8th Cir. 2004) (summary judgment appropriate when plaintiff did not exhaust sexual discrimination claim because sexual harassment is not reasonably related to the retaliation charge). Accordingly, Martinez's charge (Exhibit 8), which does not allege sex discrimination, cannot provide a basis for Atkinson's sex discrimination claim.

### B. Even if Not Barred, Atkinson Fails to State a Claim for Sex Discrimination

To state a prima facie claim of sex discrimination under Title VII, a plaintiff must show that he belongs to a protected class; he was qualified for the position; he was subject to an adverse employment action; and, similarly situated employees outside his protected class were treated more favorably than he was. *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Thereafter, and assuming the Court finds Atkinson establishes a *prima facie* case of employment discrimination, the burden shifts to Monte Carlo to "provide a legitimate, non-discriminatory reason for the employment action" complained of. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004). Monte Carlo need offer only reasons that, *"taken as true,* would *permit the conclusion that there was a nondiscriminatory reason for the adverse action."* St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993) (emphasis in original). The burden then shifts back to the plaintiff to show the articulated reasons for an adverse action was pretextual. *Vasquez*, 349 F.3d at 641. Atkinson must produce evidence that demonstrates discrimination directly, by showing that discrimination more likely motivated the employer, or indirectly using "specific and substantial evidence challenging the credibility of the employer's motives." *Vasquez*, 349 F.3d at 641. Here, there is no direct evidence of discriminatory animus. Thus, Atkinson must establish a circumstantial case of discrimination, which he cannot do.[8]

> *i.* *Atkinson Cannot Establish a Claim of Sex Discrimination Against Monte Carlo*

Atkinson cannot establish his current employer, who hired him and continues to employ him, treated him any differently than any other employee with respect to his employment because of sex. Atkinson was male when hired by Monte Carlo. That is truly undisputed. He is male

---

[8] Direct evidence, if believed, demonstrates discriminatory animus "without inference or presumption." *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141-1143 (9th Cir. 2001) (*citing Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)). Circumstantial evidence "must be specific and substantial in order to survive summary judgment." *Id.* at 1142.

today and remains employed by Monte Carlo. Again, this is undisputed. He was male when he bid on a position at Brand, and when Monte Carlo forwarded his name to Brand, along with numerous other individuals who bid. Exhibit 4; Ohanian Depo. at 43:6-12. Monte Carlo does not dispute that Atkinson was a member of a protected class at the time he applied for employment at Brand. It also does not dispute that Brand did not hire Atkinson for a bartender position on the one occasion he applied. However, it is undisputed that Monte Carlo played no role whatsoever in Brand's hiring process and, thus, did not fail to hire Atkinson. MacDonnell Depo. at 154:9-156:10; Ohanian Depo. at 33:20-34:1; 57:11-59:16; 60:3-9; 60:23-61:12; 89:5-16; 92:18-93:2; 100:2-7; 106:9-11. Evidence also shows that two male bartenders who applied (Ted Paiz and David Rahn) were offered positions by Brand. MacDonnell Depo. at 137:2-15; Gil Dec. ¶ 6. Given these undisputed facts, it is unclear how Atkinson can establish that he was treated less favorably than women by Monte Carlo and, for this reason alone, Atkinson cannot establish a prima facie case of discriminatory failure to hire against Monte Carlo. *Chuang v. University of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. Cal. 2000) ("a plaintiff must show that an employer treated similarly situated individuals outside the plaintiff's protective class more favorably."). *Wheeler v. Chertoff*, 2009 U.S. Dist. LEXIS 61799 (N.D. Cal. 2009) (plaintiff cannot establish a *prima facie* case of age or sex discrimination where the plaintiff failed to show that other employees were treated more favorably).

Even if Atkinson argues that Monte Carlo should somehow be responsible for Brand's decision, the decision shows that it was based purely on qualifications. According to those doing the interviewing, Atkinson was not recommended for hire after receiving low scores from both of the interviewers. Exhibit 7. There was concern about Atkinson's marketing skills (scored a three out of a possible nine), the fact he demonstrated a lack of eye contact, a statement that he did not see "eye to eye" with a supervisor at his prior job, and the fact that he showed a lack of

knowledge regarding wine varietals. *Id.* Specifically, Atkinson was not recommended for hire after receiving low scores by the interviewers. *Id.* Marketing skills were extremely important at an establishment like Brand. *Id.*; *supra* n4. How the applicant performed in their interview was also an important part of the evaluation process prior to making hiring decisions. MacDonnell Depo. at 61:4-63:6. An employer's subjective criteria or evaluation process is part of their own business judgment and an opinion that the process was subjective or flawed in some manner is not evidence of discrimination. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1285 (9th Cir. 2000).

    ii. *Monte Carlo Employs Atkinson, and Brand Had a Legitimate Non-Discriminatory Reason for Not Hiring Him*

Even if Atkinson establishes a *prima facie* case of discrimination, which he cannot do, because Monte Carlo took no part in the hiring decisions at Brand, there is absolutely no evidence of discriminatory animus or motive on the part of Monte Carlo. MacDonnell Depo. at 154:4-156:10; Ohanian Depo. 33:20-34:1; 57:11-59:16; 60:3-9; 60:23-61:12; 89:5-16; 92:18-93:2; 100:2-7; 106:6-11. At the risk of redundancy, Monte Carlo hired Atkinson and continues to employ Atkinson to date. Atkinson Depo. at 10:1-6. Atkinson likes his boss. Atkinson Depo. at 33:20-24; 80:25-81:7. Atkinson has never made a complaint of discrimination of any kind to anyone at Monte Carlo. Atkinson Depo. 34:23-35:6. Monte Carlo forwarded Atkinson's name to Brand along with all others. Exhibit 4; Ohanian Depo. at 43:6-12. The evidence from Brand, despite the undisputed evidence that Monte Carlo played absolutely no role whatsoever in the decision making process, shows that Brand interviewed Atkinson, rated him in accordance with its generally applicable rating scale, and made the decision alone not to offer Atkinson a position based on those facts.[9] An employer's subjective criteria or evaluation process is part of their own business judgment and an opinion that the process was subjective or flawed in some manner is

---

[9]  Exhibit 7; MacDonnell Depo. at 61:4-63:5, 143:22-145:2.

not evidence of discrimination. *Coleman*, 232 F.3d at 1285. Atkinson cannot simply disagree with the legitimate reasons for not hiring him and rely on his own personal belief that the true reason was discriminatory. *See Schuler*, 793 F.2d at 1011. As such, if Atkinson's allegation is that Monte Carlo should be responsible for Brand's decision, Monte Carlo still satisfies its burden of presenting a legitimate non-discriminatory reason that Atkinson was not hired at Brand.

### iii.   There is No Evidence of Pretext

As the Court knows, in order to successfully rebut a motion for summary judgment, the non-moving party must point to evidence, supported by the record, which demonstrates a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). The mere existence of a scintilla of evidence in support of a plaintiff's position is insufficient to establish a genuine dispute; there must be evidence on which the fact finder could reasonably find for the plaintiff. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 252 (1986). While Atkinson testified as to his subjective belief that Monte Carlo must have had some role in the hiring process at Brand, the evidence is all to the contrary.[10] MacDonnell Depo. at 154:4-156:10; Ohanian Depo. at 33:20-34:1; 35:10-23; 60:3-9; 82:13-16; 100:2-7. Given these undisputed facts, Atkinson fails to meet his burden, let alone present specific and substantial evidence of a pretextual motive engendered by Monte Carlo. *Vasquez*, 349 F.3d at 641 (evidence of pretext must be specific and substantial); *Steckl v. Motorola, Inc.*, 703 F2d 392, 393 (9th Cir. 1983)

---

[10]   Atkinson's subjective belief does not create a genuine issue of material fact. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

(plaintiff's "mere assertions that [defendant] had discriminatory motivation and intent in failing to promote him were inadequate, without substantial factual evidence, to raise an issue precluding summary judgment.").[11]

No genuine issue of material fact exists that evidences any role Monte Carlo had in the hiring or decision making process at Brand, and therefore there is absolutely no evidence that Atkinson was not hired at Brand due to his sex.[12]

**B.     Even if Not Barred, Atkinson Fails to Establish An Age Discrimination Claim**

A plaintiff establishes a prima facie case of intentional discrimination under the ADEA if he demonstrates that he is over 40, he applied for a position for which he was qualified, and that a younger person with similar qualifications received the position. *Cotton v. Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987). "However, [u]nlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Gross v. FBL Fin. Servs.*, 557 U.S 167, 174 (2009). Rather, a plaintiff, like Atkinson, must prove

---

[11]     Further, there is no evidence whatsoever that Brand's interview process was not a legitimate opportunity for him to be evaluated. A decision maker's subjective evaluation process is not evidence of animus. *Coleman*, 232 F.3d at 1285; *Hypolite v. City of Houston*, 2012 U.S. App. LEXIS 21352, 17-18 (5th Cir. 2012) ("A subjective decision making process does not raise inferences of discriminatory conduct"). Other than Atkinson's subjective belief that he was qualified for the position, Atkinson presents nothing that would reasonably support the conclusion that he had the requisite marketing skills, or that he had a better performance during his interview than what The Light Group documented. Exhibit 7. Therefore Atkinson has proffered no evidence that The Light Group's legitimate non-discriminatory reasons for choosing not to hire him were pretext for sex discrimination.

[12]     If the Court applies the alternative proof, which requires a plaintiff to present direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the party who made the employment action (*McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122-1124 (9th Cir. 2004)), Atkinson's sex discrimination claim against Monte Carlo still fails. Atkinson has presented absolutely no evidence that Monte Carlo had any involvement or influence over the hiring decision at Brand. Absent a genuine issue of material fact that Monte Carlo took any part in the hiring decisions at Brand, Atkinson cannot establish that his failure to be hired at Brand was caused by some discriminatory motive on the part of Monte Carlo. Further, under the totality of the circumstances, nothing suggests that The Light Group's decision not to hire Atkinson was caused by Monte Carlo's alleged animus. Because Atkinson fails to meet his burden under *McDonald Douglass* or *McGinest*, Monte Carlo respectfully requests that the Court grant summary judgment in its favor on Atkinson's sex discrimination claim.

by a "preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." *Id.* at 177-178; *Smith v. Centex Homes Realty Co.*, 357 Fed. Appx. 751, 752 (9th Cir. 2009).

Atkinson cannot establish that age discrimination was the "but for" reason for any act by Monte Carlo. The undisputed facts are overwhelming in that regard. Atkinson was over 40 when he was hired by Monte Carlo, he is over 40 today, he is still employed, likes his job, and likes his boss. Atkinson Depo. 10:1-6, 16:24-17:1. Atkinson bid on a position at Brand in March 2008, when he was 43 years old, and Monte Carlo forwarded his name to Brand along with numerous other individuals who bid at the same time. Exhibit 4; Ohanian Depo. at 43:6-12.

The process and decisions regarding hiring were made by Brand alone without Monte Carlo's input. MacDonnell Depo. at 154:4-156:10; Ohanian Depo. 33:20-34:1; 60:3-9; 82:13-16; 100:2-7. Nonetheless, Brand, which based its decisions purely on legitimate criteria on which all interviewees were judged, made offers to two men, Ted Paiz and David Rahn, one of whom was 43, the same age as Atkinson. Gil. Dec. ¶ 6; MacDonnell Depo. at 137:2-15. Monte Carlo obviously did not choose a younger person with similar qualifications over Atkinson for Brand because Monte Carlo chose no one for Brand.

However, assuming Atkinson claims Monte Carlo is tied to Brand's decision, it is impossible for Atkinson to demonstrate that "but for" his age, he would have received an offer from Brand. Specifically, the entire interview process at Brand was uniform for all applicants. MacDonnell Depo. at 38:21-39:8:12; 88:18-90:11. Atkinson admits that no one at Monte Carlo ever made a derogatory remark regarding his age. Atkinson Depo. at 17:3-13. Atkinson also acknowledges that no one at Brand commented that people over a certain age were not going to be hired. *Id.* at 74:9-11. Atkinson also did not overhear anyone at Brand make those type of comments. *Id.* at 74:12-14. Atkinson's subjective belief to the contrary is not evidence and

JACKSON LEWIS LLP
LAS VEGAS

-16-

cannot defeat summary judgment. *Bradley,* 104 F.3d at 270. Because Atkinson fails to present any evidence that supports the inference that but-for his age he would not have been hired by Brand, Atkinson's age claim fails as a matter of law.[13]

### C. Atkinson's Claim for Retaliation Fails

To establish a prima facie claim of retaliation under Title VII, "a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000) (citing *Payne v. Norwest Corp.,* 113 F.3d 1079 (9th Cir. 1997)). It is Atkinson's burden to prove, by a preponderance of the evidence, the essential element of a causal link that the adverse action was taken "because" of the protected activity. *Poland v. Chertoff,* 494 F.3d 1174, 1181 n.2 (9th Cir. 2004); 42 U.S.C. § 12203(a). More specifically, "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Southwestern Med. Ctr. v. Nassar,* ___ U.S. ___, ___, 133 S. Ct. 2517, 2533 (2013).

Atkinson fails to present any evidence that he suffered retaliation. In fact, when asked about whether he felt he had ever been retaliated against by Monte Carlo, Atkinson clearly testified he was not. Atkinson Depo. at 58:1-6. Having filed no charge to this effect and given Atkinson's denial that he suffered retaliation together with the fact that he has produced no evidence of retaliation, no genuine issue of a material fact exists that would establish that Monte Carlo retaliated against him. As such, Monte Carlo respectfully requests that the Court grant summary judgment in its favor.

---

[13] Even if the Court were to apply the traditional burden-shifting approach, as opposed to the but-for standard articulated in *Gross,* Atkinson's claim would still fail because, as discussed fully above, several legitimate non-discriminatory reasons for not hiring Atkinson exist, and Atkinson presents absolutely no evidence of pretext.

## III. CONCLUSION

For each and all of the above stated reasons, Victoria Partners dba the Monte Carlo Resort and Casino respectfully requests that Court grant summary judgment in its favor and against Plaintiff Atkinson on all claims raised.

Dated this 29th day of August, 2013.

JACKSON LEWIS LLP


/s/ Elayna J. Youchah
Elayna J. Youchah, NV Bar No. 5837
Ethan Thomas, Bar No. 12874
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant*
*Victoria Partners dba Monte Carlo*

JACKSON LEWIS LLP
LAS VEGAS

-18-

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis LLP and that on this 29th day of August, 2013, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT VICTORIA PARTNERS' MOTION FOR SUMMARY JUDGMENT AS TO DANIEL ATKINSON** via ECF Filing, properly addressed to the following:

R. Tomas Olmos
ALLRED MAROKO & GOLDBERG
6300 Wilshire Blvd., Ste. 1500
Los Angeles, California 90048

M. Lani-Esteban-Trinidad
ESTEBAN-TRINIDAD LAW, P.C.
4315 N. Rancho Dr., Ste. 110
Las Vegas, Nevada 89130

*Attorneys for Plaintiffs*

Scott M. Mahoney
Anthony B. Golden
FISHER & PHILLIPS LLP
3800 Howard Hughes Parkway
Suite 950
Las Vegas, Nevada 89169

*Attorneys for Defendant Light Group*

/s/ Emily Santiago
Employee of Jackson Lewis LLP